UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ALVIN SANDELL                    ]
     Plaintiff,                  ]
                                 ]
v.                               ]          No.3:13-1370
                                 ]          Judge Trauger
WAYNE CARPENTER, et al.          ]
     Defendants.                 ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Wayne Carpenter, Warden at Riverbend; the Tennessee Department of Correction (TDOC); and Derrick Schofield, Commissioner of TDOC; seeking injunctive relief and damages.

The plaintiff is currently being housed in a maximum security unit. The plaintiff alleges that he does not feel safe in this housing unit. In addition, he asserts that he has not been allowed to attend church services or visit the prison's law library in violation of his constitutional rights.

The plaintiff can not sue the defendants solely because of their status as supervisors, employers or chief executive officers. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312,

325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the defendants had knowledge of the plaintiff's situation or participated, either directly or indirectly, in the decision to house him in this particular unit with the alleged deprivation of religious and law library privileges. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendants upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge